IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES LEONARD, an individual,

                      Plaintiff,                      Civ. No.: 6:22-cv-01764-MC

        v.                                      OPINION AND ORDER

SCOTTSDALE INSURANCE COMPNAY,
an Ohio insurance corporation,
NATIONWIDE PROPERTY AND
CASUALTY INSURANCE COMPANY, an
Ohio insurance corporation,

                      Defendants.

_____

MCSHANE, Judge:

      Plaintiff James Leonard alleges Defendants Scottsdale Insurance Company and

Nationwide Property and Casualty Insurance Company breached the parties' insurance policy.

Defendants move to dismiss Plaintiff's negligence and negligence per se claims for failure to

state a claim under Fed. R. Civ. P. 12(b)(6). Defs.' Mot. to Dismiss 2, ECF No. 10. Because

Plaintiff's negligence and negligence per se claims necessarily fail, Defendants' Motion to

dismiss is GRANTED.

## BACKGROUND

      In November 2020 and January 2021, high winds caused two large sections of a nearby

tree to fall on Plaintiff's home, which caused a hole on the roof of the dwelling. Pl.'s Compl. ¶¶

9-11, ECF. No. 1. Plaintiff filed a claim, and Defendants assigned a claim number. *Id.* Six

months later, Plaintiff heard a loud "crack" somewhere in the home. Compl. ¶ 12. Plaintiff

noticed the home was leaning to one side and seemed to be twisting. *Id.* Defendants' adjuster

1 – OPINION AND ORDER

determined that one of the central foundation beams had cracked, causing structural instability in the rest of the house. *Id.* Defendants issued Plaintiff payment of $48,411.61 for the repairs. Compl. ¶ 14.

In May 2022, Plaintiff received an estimate of $179,813.87 to repair the damage to the home.[1] Compl. ¶ 16. Defendants relied on a subsequent report, which determined earth movement, not falling trees, caused the structural damage. Compl. ¶¶18-20. Plaintiff alleges that the Defendants wrongfully relied on the "pretextual" subsequent report and "misrepresented facts when they denied further coverage for" Plaintiff's losses. Compl. ¶ 20. With respect to the physical and emotional symptoms at issue in the motion to dismiss, Plaintiff alleges:

> Mr. Leonard has experienced significant stress, anxiety, depression, and frustration from the Insurers' failure to timely and adequately address the Claims. Eventually, Mr. Leonard's emotional distress began manifesting as physical symptoms.
>
> In December 2020 and January 2021, and as a direct result of dealing with the Insurers' failures to fully fund repairs and their delays relating to the claims, including an earlier claim, Mr. Leonard suffered two "mini-strokes."
>
> In early 2022, Mr. Leonard was diagnosed with a stress ulcer and hospitalized for two weeks.

Compl. ¶¶ 21-23.

In November 2022, Plaintiff filed this action bringing claims for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) Negligence; and (4) Negligence per se. Pls.' Compl. ¶¶ 31, 35, 43, 50. With respect to his negligence claim, Plaintiff alleges that, given his "fragile health and the damage to the Dwelling, the Insurers' refusals to pay the claims created a foreseeable risk of harm to Mr. Leonard's health." Compl. ¶ 39. Plaintiff bases his negligence per se claim on Defendants' violations of the Oregon Unfair Claims

---

[1] The home sits on a lakeside lot, with no road access. Compl. ¶ 5. To repair any damage, workers and equipment have "to be barged" to the property. Compl. ¶ 15.

2 – OPINION AND ORDER

Settlement Practices Act. Compl. ¶ 45. As relevant to the pending motion, Plaintiff requests emotional distress damages on his negligence claims.

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the Court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant party. *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

In January 2022, the Oregon Court of Appeals held that plaintiffs bringing a breach of contract claim against their insurers may also bring a negligence *per se* claim for violations of the statutory standard of care under Oregon's Insurance Code (ORS 746.230). *Moody v. Or. Cmty. Credit Union*, 317 Or. App. 233, 238, *review allowed*, 369 Or. 855 (2022). However, this Court previously declined to follow *Moody*, concluding it does not align with the Oregon Supreme Court opinion in *Farris v. U. S. Fid. & Guar. Co.,* 284 Or. 453, 587 (1978). *See Runyan*

*v. Foremost Ins. Co. Grand Rapids, Mich.,* Case no. 6:21-cv-01341-MC, *Opinion and Order* (D.

Or. Oct. 26, 2022); *see also Koa v. Allstate Indem. Co.*, Case no. 1:22-cv-00658-CL, *Opinion*

*and Order* (D. Or. Mar. 23, 2023) (declining to adopt magistrate judge's recommendation to

follow *Moody*).[2] As this Court previously noted:

> In *Farris*, the court stated that when drafting ORS 746.230, the legislature clearly did not intend to allow recovery of emotional distress damages in actions for breach of insurance contracts, or to convert such actions "into tort actions with a resulting change in the measure of damages." [587 P.2d] at 1018. Like *Farris*, this case sounds in contract law, not tort. This Court agrees with the *Farris* court that the civil penalties outlined in the Insurance Code under ORS 746.230 do not suggest that another remedy exists outside of contract liability. *Id.*
>
> \* \* \* \*
>
> *Moody* conflicts with the Oregon Supreme Court opinion in *Farris*. The court in *Moody* permitted a negligence per se claim for violations of the Insurance Code, stating that "the legislature enacted the code to ensure that the insurance-buying public gets what it pays for, including the peace of mind that is a principal benefit of an insurance policy." *Moody*, 505 P.3d 1047 at 1056-57. The court of appeals noted that, prior to *Moody*, they had endorsed the assumption that *Farris* "answered the question whether ORS 746.230 creates statutory liability for the violation of its provisions." *Id.* at 1054 n.2 (citing to multiple Oregon Court of Appeals cases which endorse that violations of ORS 746.230 "are not independently actionable" and "do[] not give rise to a tort action").
>
> While the *Moody* court assents that they are answering a different question, it appears to overturn 40 years of precedent. *Moody*, 505 P.3d 1047 at 1055. Until the Oregon Supreme Court rules otherwise, negligence per se is unavailable as a cause of action for insurance contract disputes.

*Runyan, Opinion and Order* 2-3 (second alteration in original).

Recognizing this Court's skepticism regarding *Moody*, Plaintiff argues that "whether or

not *Moody* was correctly decided is an academic dispute" because "this case involves physical

---

[2] At least one other Oregon district judge reached a similar conclusion. *See White v. United Heritage Prop. & Cas. Co.,* No. 3:21-CV-01524-JR, 2023 WL 2611152, at *1 (D. Or. Mar. 23, 2023) ("The Court finds that the ruling by Oregon Court of Appeals in *Moody []* has not definitively changed Oregon law to allow a plaintiff to bring a negligence per se claim against an insurer for impermissible claim settlement practices in violation of O.R.S. 746.230. Additionally, because Plaintiff cannot recover either emotional distress damages or punitive damages, his negligence per se claim fails.")

injury." Plt.'s Resp. to Defs.' Mot. to Dismiss 5-6, ECF No. 15. Plaintiff is correct in that, regardless of *Moody*, "a plaintiff must still demonstrate either physical injury or a *Hammond* exception to receive damages for emotional distress.".[3] *Bryant v. Allstate Indemnity Co.*, 605 F. Supp. 3d 1326, 1331, (D. Or. 2022); *Runyan*, *Opinion and Order* 4 (same). "Oregon courts adhere to the physical impact rule, which requires an actual physical injury to support damages for emotional distress." *Bryant*, 605 F. Supp. 3d at 1030 (citing *Paul v. Providence Health Sys.-Or.*, 351 Or. 587, 597 (2012)).

As noted above, Plaintiff alleges he "experienced significant stress, anxiety, depression, and frustration from the Insurers' failure to timely and adequately address the Claims. Eventually, Mr. Leonard's emotional distress began manifesting as physical symptoms." Compl. ¶ 21. Plaintiff's physical symptoms included two "mini-strokes" and a stress ulcer. Compl. ¶¶ 22-23. Under longstanding Oregon caselaw, Plaintiff's alleged physical symptoms—stemming from Plaintiff's emotional distress caused by Defendants' negligent handling of Plaintiff's insurance claim—do not clear the physical impact or injury hurdle necessary to recover damages for emotional distress.

Oregon cases have long held that the impact rule requires emotional distress to accompany the physical impact. *See Lowe v. Philip Morris USA, Inc.,* 207 Or. App. 532, 551, (2006) (noting Oregon "courts have recognized claims for emotional distress caused by ordinary negligence, *but only if the distress is accompanied by physical impact*.") (emphasis added) *aff'd*, 344 Or. 403 (2008); *See also Norwest, By & Through Crain v. Presbyterian Intercommunity*

---

[3] The *Hammond* exceptions to the impact rule are: (1) "Where the defendant intended to inflict severe emotional distress[,]" (2) "where the defendant intended to do the painful act with knowledge that it will cause grave distress, when the defendant's position in relation to the plaintiff involves some responsibility aside from the tort itself[,]" and (3) "where the defendant's conduct infringed on some legally protected interest apart from causing the claimed distress, even when that conduct was only negligent." *Hammond v. Cent. Lane Commc'ns Ctr.*, 312 Or. 17, 22. (1991).

*Hosp.*, 293 Or. 543, 559 (1982) ("But we have not yet extended liability for . . . emotional injury not accompanying any actual or threatened physical harm or any injury to another legally protected interest."). The Oregon Supreme Court has confirmed "that one suffering from injuries to his person due to the negligence of another may recover for mental distress and anguish *which directly and as a natural consequence flows from the physical injury . . . .*" *Fehely v. Senders*, 170 Or. 457, 461 (1943) (emphasis added) (citations omitted). The Oregon Court of Appeals notes that, "[c]onsistently with *Fehely*, *we have referred to the physical impact rule as requiring a 'physical injury' that gives rise to emotional distress*." *Chouinard v. Health Ventures*, 179 Or. App. 507, 514 (2002) (emphasis added) (citation omitted). Here, Plaintiff's temporal sequence— where the emotional distress precedes any physical symptoms— is at odds with the requirement that any recoverable emotional distress flow directly from the physical impact or injury.

Plaintiff's argument that the Oregon Supreme Court, in *Philibert v. Kluser*, 360 Or. 698 (2016), rejected any requirement that emotional distress flow from a physical impact is meritless. In *Philibert*, the Oregon Supreme Court rejected the general "impact rule as the test *for a bystander's recovery* of emotional distress resulting from injury to another." 360 Or. at 710 (emphasis added). The *Philibert* court, however, did not abrogate the general impact rule; instead, the Court carved out an exception for bystander recovery, where the plaintiff is not the direct victim. *Id.* at 702. As Plaintiff was not a bystander, *Philibert* simply does not apply. Instead, to recover for emotional distress damages, Plaintiff must pass the general impact test, which requires "that there be a direct accompanying injury to the person who suffers the emotional distress as a prerequisite to its compensability." *Saechao v. Matsakoun*, 78 Or. App. 340, 346 (1986) (abrogated on other grounds in *Philibert*, 360 Or. 698). As noted above,

Plaintiff's alleged physical injuries—which do not result directly from Defendants' alleged negligence—fall short.

Plaintiff's alleged physical impacts fare even worse. Plaintiff argues Defendants' "refusal to fully fund repairs of his home resulted in Mr. Leonard being 'exposed . . . to the elements' during the wintertime." Resp. 9 (quoting Compl. ¶¶ 11, 38). Plaintiff goes on to argue that this "exposure to 'cold air' and 'moisture' while the Insurers slow-played Mr. Leonard's insurance claims had a perceptible physical effect on Mr. Leonard." Resp. 9. There are numerous fatal problems with Plaintiff's theory. First, as demonstrated above, any physical impact here was not a direct and immediate consequence from Defendants' alleged negligence (in not fairly and quickly resolving Plaintiff's claim). Additionally, Defendants did not cause natural elements, in the form of wind and cold temperatures, to impact Plaintiff. And Plaintiff alleges Defendants, not the natural elements, caused his emotional distress. *See* Compl. ¶¶ 21-22 (alleging Plaintiff "experienced significant stress . . . from the Insurers' failure to timely and adequately resolve" his claim and he suffered two "mini-strokes" "as a direct result of dealing with the Insurers' failures to fully fund repairs"). Plaintiff is unable to point to any Oregon caselaw remotely supporting this novel argument. And the alleged physical impact here is a far cry from the "offensive sexual touching" Oregon courts have found to satisfy the impact rule absent physical injury. *Chouinard*, 179 Or. App. at 514-15 (citations omitted).

## CONCLUSION

"The generally accepted rule is that emotional distress caused by pecuniary loss resulting from breach of contract is not recoverable." *Farris*, 284 Or. At 456. As Plaintiff fails to allege an exception to that general rule, he may not recover for any alleged emotional distress. Defendants'

Motion to Dismiss (EFC No. 10) is GRANTED and Plaintiff's negligence and negligence per se claim are dismissed with prejudice.

IT IS SO ORDERED.

DATED this 17th day of April, 2023.

_____/s/ Michael J. McShane _____
Michael McShane
United States District Judge